JENNIE M. THOMPSON and JOHN C. THOMPSON, as Executors, etc., of JOHN B. THOMPSON, Deceased, Appellants, *v.* CHARLES R. THOMPSON, Respondent, Impleaded, etc.

*Motion to amend the record of a trial had in the first judicial district — where and before whom to be made.*

An application to the court to suspend the entry of judgment in an action, on the trial of which, in the first judicial district, an order has been made directing that the exceptions be heard in the first instance at the General Term, must be made before the justice before whom the action was tried, and must be made within the first judicial district.

An order made by such judge upon such an application, made to and heard before him in the county of Erie, amending the record of the court on the trial by adding at the end thereof "and judgment in the meantime suspended," will be set aside.

Appeal from an order made at a Special Term of the Supreme Court, held at the city of Buffalo, in and for the eighth judicial district, and entered in the office of the clerk of the county of New York on the 21st day of February, 1889, vacating a judgment theretofore entered in said action on a trial thereof in the first judicial district, and amending the record of the clerk of the court, made on

the trial thereof, by adding at the end thereof the words " and judgment in the meantime suspended."

*Lewis Sanders*, for the appellant.

*E. H. Pomeroy*, for the respondent.

VAN BRUNT, P. J.:

This action had been tried by Mr. Justice CHILDS and a jury at a Circuit Court held in the county of New York. An order was made directing the exceptions to be heard in the first instance at the General Term, but no provision was made in said order for suspending the entry of judgment. The plaintiff thereupon entered judgment and this motion was made upon notice that it would be brought on before Mr. Justice CHILDS at his chambers in the court-house, in the city of Buffalo, on the 31st of January, 1889, at ten o'clock on that day. Upon the coming on of the motion it was preliminarily objected by the counsel for the plaintiff that the motion should be made in the county of New York and could not be made in the county of Erie, which objection was overruled and the motion granted, and an order was entered vacating and setting aside the judgment entered, and amending the record of the clerk of the court by adding at the end thereof the words "and judgment in the meantime suspended." From this order the appeal is taken.

By section 1000 of the Code it is clear that the judge who tried the cause had the power, at any time before the hearing of the exceptions, to modify or revoke the order directing the exceptions to be heard in the first instance at the General Term, upon notice, in court or out of court. But it is equally clear that section 769 required that such motion should be made in the county of New York. The provisions of this section are that a motion, upon notice, in an action in the Supreme Court, must be made within the judicial district in which the action is triable, or in the county adjoining that in which it is triable, except that where it is triable in the first district, the motion must be made in that district.

The application to set aside this judgment and amend the order directing the exceptions to be heard in the first instance at the General Term, was clearly a motion, as by section 768 a motion is defined to be an application for an order. The requirements of

section 1000 are that such applications shall be made upon notice, and the provisions of section 769 are that motions, upon notice in actions triable in the first judicial district must be made in that district. It seems clear, therefore, that Mr. Justice CHILDS had no power to entertain this motion outside of the county of New York.

The claim upon the part of the respondent that because the motion came up for hearing before Mr. Justice CHILDS, therefore, in effect, the motion was made here, and it would be ridiculous to ask him to come to New York to hear the motion does not meet the provisions of the Code. They are explicit, reasonably clear and cannot be repealed by judicial legislation. It may be inconvenient, but inconvenience cannot establish rules of practice inconsistent with express legislation. In making the disposition of the appeal that we do, we in no manner express any opinion as to the propriety of Mr. Justice CHILDS' order. That question is not before us, the only question being as to his power to entertain this motion in Buffalo.

The order should be reversed, with ten dollars costs and disbursements; the order to recite that the same is not reversed upon the merits.

BARTLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements; the order to recite that the same is not reversed upon the merits.